IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CALVIN MAYS,JR., #150299,     )
          )
     Plaintiff,     )
          )
v.     )     CASE NO. 2:21-CV-135-WHA-KFP
          )     (WO)
GREGORY GEORGE LOCKLIER, et al.,     )
          )
     Defendants.     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.    INTRODUCTION

This 42 U.S.C. §1983 action is pending before the Court on a Complaint filed by Calvin Mays, Jr., a state inmate currently serving a life sentence for murder imposed in 1999 by the Circuit Court of Montgomery County, Alabama.[1] In the Complaint, Mays challenges the truthfulness of testimony presented at his trial. Doc. 1 at 2–3. As Defendants, Mays names Gregory George Locklier, the Assistant District Attorney assigned to prosecute his case, and Derrick Cunningham, a law enforcement officer involved in the investigation of his case who served as a witness at his trial. Mays seeks his "immediate[] release from incarceration." Doc. 1 at 4.  After a thorough review of the Complaint, the

---

[1] The entries on the case action summary sheet for Mays's murder conviction maintained by the Alabama Trial Court System, hosted at www.alacourt.com, establish that Mays was convicted of murder on June 24, 1999, and sentenced for this offense on August 24, 1999. As permitted by applicable law, the Court takes judicial notice of the case action summary. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

undersigned concludes this case is due to be dismissed before service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## II.    DISCUSSION

Mays alleges that during trial Locklier elicited perjured testimony, that Cunningham provided the perjured testimony, and the testimony resulted in his unconstitutional conviction for murder. Doc. 1 at  2–3. Because these claims go to the fundamental legality of his murder conviction and sentence, pursuant to well-established law, Mays is entitled to no relief. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and that complaints containing those claims must be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id.* at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed

---

[2] The Court granted Mays leave to proceed in forma pauperis in this case. Doc. 3. Regardless of the requirement that Mays pay an initial partial filing fee, the Court remains obligated to screen the Complaint under 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss the Complaint before service of process if it determines the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from those damages. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[are] not cognizable under § 1983"). Therefore, the rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [Plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48).

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983[,]" and, accordingly, the Supreme Court concluded that Heck's complaint was subject to summary dismissal because no cause of action existed under § 1983. *Heck*, 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be construed as a habeas corpus action. *Id*. The "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction and sentence imposed by a state court is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on the conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook*

*v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "[I]n *Wilkinson v. Dotson,* 544 U.S. 74 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (citation omitted).

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his conviction and sentence. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Mays

challenging the fundamental legality of his murder conviction are not cognizable in this cause of action as they provide no basis for relief at this time. This case is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

## III.    CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS that this case be dismissed without prejudice before service in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) because the claims in the Complaint provide no basis for relief.

It is further ORDERED that on or before **June 18, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

---

[3] Any federal habeas petition Mays files is subject to the procedural limitations imposed on those petitions, in particular, the one-year limitation period and the successive petition bar. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of June, 2021.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE